IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RALPH LEE YENDELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:15-cv-166-SPB-RAL |
| | ) |
| ATTORNEY GENERAL OF THE | ) |
| STATE OF PENNSYLVANIA, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM ORDER

Ralph Lee Yendell ("Yendell"), an inmate at SCI-Forest, filed the within civil action seeking a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Having been tried and found guilty of crimes related to the sexual abuse of a minor, Yendell now challenges the validity of his criminal conviction. The matter has been referred to United States Magistrate Judge Richard A. Lanzillo, for report and recommendation ("R&R") in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and the Local Rules for Magistrate Judges.

Yendell's amended petition, the operative pleading, was filed on March 18, 2019. ECF No. 9. Respondents filed their answer and supporting brief on April 6, 2020. ECF Nos. 29, 30. Yendell filed his traverse on July 24, 2020. ECF No. 40. The matter is now ripe for adjudication.

On November 15, 2021, Magistrate Judge Lanzillo issued an R&R in which he recommended that both the amended petition and a certificate of appealability be denied. ECF No. 41. Judge Lanzillo identified four grounds for relief in Yendell's amended §2254 petition, none of which he considered meritorious.

Yendell's first claim involved an allegation of ineffectiveness on the part of his pre-trial counsel based on the attorney's failure to review/disclose certain discovery evidence and failure to advise Yendell that he should pursue a guilty plea in light of such evidence. As to this claim, the Magistrate Judge noted that Yendell had eventually waived his right to counsel and proceeded to trial on a *pro se* basis. Although Yendell was aware of the subject evidence against him prior to proceeding to trial, he took no action to reinstate the guilty plea that he had previously withdrawn; therefore, Judge Lanzillo opined that Yendell had shown no prejudice from his counsel's alleged ineffectiveness.

Second, Yendell asserted that his pre-trial counsel was ineffective because he failed to ensure, during the waiver-of-counsel colloquy, that Yendell understood he would be unable to later challenge his attorney's effectiveness in a stand-by role. As to this claim, Judge Lanzillo opined that the argument was procedurally defaulted and, even if not defaulted, it failed on the merits because Yendell had shown no prejudice as a result of his attorney's conduct. Judge Lanzillo reasoned that Yendell was "not challenging the validity of the waiver of counsel[,]" ECF No. 41 at 7 (citing ECF No. 40 at 13), and "[b]ecause Yendell concedes that the waiver was valid, *i.e.*, knowing, voluntary and intelligent, there could be no possible prejudice from counsel's alleged ineffectiveness during the waiver colloquy." *Id.* at 7-8.

As his third ground for §2254 relief, Yendell asserted that his pre-trial counsel was ineffective for failing to challenge the cause of the victim's abnormal results following a post-assault medical examination. As to this claim, Judge Lanzillo noted that Yendell had waived his right to counsel and could have presented such a defense on his own behalf, but failed to do so. Accordingly, the Magistrate Judge found that there was no prejudice from pre-trial counsel's alleged ineffectiveness.

Finally, Judge Lanzillo acknowledged a §2254 claim predicated upon the alleged ineffectiveness of Yendell's appellate counsel, who apparently failed to challenge the validity of Yendell's waiver of counsel during his direct appeal. As to this fourth §2254 claim, Judge Lanzillo noted "Yendell concedes the failure to exhaust but argues that the failure to raise this claim before the state courts was due to PCRA counsel's ineffectiveness." ECF No. 41 at 9. Judge Lanzillo opined that Yendell could not overcome his procedural default by citing to PCRA counsel's alleged ineffectiveness because

> the *Martinez* exception to the general rule that a petitioner cannot rely upon PCRA counsel's ineffectiveness to overcome the default of a federal habeas claim is limited to defaulted ineffective-assistance-of-trial-counsel claims. *See, e.g., Davila,* 137 S. Ct. at 2062-70. It does not apply to any other type of claim, including ineffective assistance of appellate counsel. *Id.*

ECF No. 41 at 9 (citing *Martinez v. Ryan,* 566 U.S. 1 (2012) and *Davila v. Davis,* 137 S. Ct. 2058, 2062-70 (2017)).

Yendell filed his objections to the Report and Recommendation on December 2, 2021. ECF No. 42. As to his first claim, Yendell argues that prejudice should be presumed in his case because, in essence, he was denied assistance of counsel altogether and thus, even while he was still formally represented by his pre-trial attorney, he was effectively proceeding with no counsel at all. ECF No. 42 at 1, 3. As to his second claim, Yendell disputes that he defaulted his claim challenging the validity of his decision to waive of counsel. Although the Superior Court ruled that the claim had been waived, Yendell insists that the Superior Court failed to follow applicable state procedure when it affirmed the dismissal of that particular PCRA claim. Further, Yendell disputes that he ever conceded the validity of his waiver of counsel; rather, Yendell apparently concedes only that his §2254 claims are predicated upon the alleged ineffectiveness of his pre-trial attorney rather than a challenge to the trial court's colloquy under *United States v. Peppers,* 302 F.3d 120 (2002). *See* ECF No. 42 at 4-5. To that end, Yendell appears to be

3

arguing in his second and third objections that he would not have waived counsel but for his pre-trial attorney's ineffectiveness. As best this Court can tell, Yendell appears to be arguing that, but for his attorney's failure to construct a viable defense, Yendell would not have waived his right to counsel and thus could have proceeded to trial with the benefit of a viable, counseled defense. Yendell also seems to be suggesting that he could not be deemed to have waived his right to counsel where, for all practical purposes, his attorney's deficiencies essentially meant that he was never proceeding with the benefit of counsel in the first place. Lastly, Yendell objects to the Magistrate Judge's conclusion that *Martinez* has no application to Yendell's fourth §2254 claim, which involves allegations of ineffectiveness on the part of the attorney who handled his direct appeal. According to Yendell, the Court should distinguish between direct appeals and PCRA appeals, and the rule of *Martinez* should be extended to ineffectiveness claims involving the former.

Having carefully considered each of Yendell's objections, the undersigned finds them to be meritless. As to his claim that prejudice should be presumed in this case, Yendell cites no persuasive and applicable authority to support such a conclusion. In fact, Yendell's argument in favor of presumed prejudice, if accepted, would theoretically apply in almost any §2254 case which, in turn, would essentially eviscerate the requirement, expressly stated in *Washington v. Strickland*, 466 U.S. 668 (1984), that prejudice be shown in an ineffectiveness-of-counsel claim.

To the extent Yendell suggests his pre-trial counsel was ineffective during his waiver-of-counsel colloquy (thereby invalidating his decision to forego representation), Yendell's argument fails. The only substantive deficiency that Yendell identifies relative to the waiver-of-counsel proceedings is his attorney's alleged failure to explain that Yendell would not be able to later challenge the effectiveness of an attorney acting in a stand-by role. To this Court's knowledge,

4

such an understanding is not a prerequisite to an effective waiver of the Sixth Amendment right to counsel, and Yendell cites no persuasive authority indicating otherwise. *See, e.g., United States v. Jones,* 452 F.3d 223, 229-230 n.4 (2006); *United States v. Peppers,* 302 F.3d 120, 136-37 (2002) (citation omitted)). Thus, even if Yendell had not procedurally defaulted his challenge to the waiver-of-counsel proceeding, his complaint about that proceeding does not implicate conduct on the part of his pre-trial counsel that fell below the constitutional standards required under the Sixth Amendment. And because Yendell has not pointed to any grounds that would invalidate his waiver of counsel, he cannot show that the actions (or inactions) of his pre-trial attorney prejudiced him under the circumstances of this case. As Judge Lanzillo accurately observed, Yendell was aware, before proceeding to trial on a *pro se* basis, of the evidence he cites in his petition. He took no action to reinstate his guilty plea (to the extent he now believes that was the prudent course of action). Nor did he himself pursue a defense that involved challenges to the cause of the victim's abnormal post-assault medical examination. Because no prejudice has been established, Judge Lanzillo correctly concluded that Yendell's Sixth Amendment claims fail on the merits, notwithstanding any issues of procedural default.

Moreover, as Judge Lanzillo correctly noted, Yendell cannot challenge the conduct of his appellate counsel through the instant proceedings. To the extent Yendell believes that *Martinez's* holding should extend to claims that challenge the effectiveness of an attorney involved in a direct appeal, his argument is unpersuasive and contrary to existing law. *See Davila,* 137 S. Ct. at 2062-70.

In sum, after *de novo* review of the petition and documents in the case, together with the Report and Recommendation and Yendell's objections thereto, the following order is entered:

NOW, this 4th day of January, 2022, IT IS ORDERED that the within petition for writ of habeas corpus shall be, and hereby is, DENIED with prejudice.

IT IS FURTHER ORDERED that a certificate of appealability shall be, and hereby is, DENIED, because jurists of reason would not find it debatable that Yendell failed to make a substantial showing of the denial of a constitutional right.

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Lanzillo, issued on November 15, 2021, ECF No. [41], shall be, and hereby is, adopted as the opinion of this Court. Petitioner's objections to the Report and Recommendation, ECF No. [42], are OVERRULED.

As there are no further matters pending before the Court relative to the instant petition, the Clerk is directed to mark this case "CLOSED."

_____
SUSAN PARADISE BAXTER
United States District Judge

cm:   Ralph Lee Yendell
      JP2695
      SCI Forest
      PO BOX 945
      Marienville, PA 16239
      (Via U.S Mail)

      Paula C. DiGiacomo, Esq. (via CM/ECF)

      The Honorable Richard A. Lanzillo (via CM/ECF)